

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Arit Essien
Plaintiff

vs.

Case Number 15-006091

World Vision International
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Arit Essien, Pro Se
Name of Plaintiff's Attorney

901 New Jersey Ave NW #410
Address
Washington DC, 20001

202-706-2413
Telephone

*Clerk of the Court*

By [signature]
Deputy Clerk

Date 8/10/2015

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Arit Essien
Plaintiff

vs.

Case Number 15-006091

Valerie Siwotso
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Arit Essien, Pro Se
Name of Plaintiff's Attorney

*Clerk of the Court*

901 New Jersey Ave NW #418
Address
Washington DC 20001

By [signature]
Deputy Clerk

202-706-2413
Telephone

Date 8/10/2015

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Arit Essien
Plaintiff

vs.

Case Number 15-006091

Linda Hiebert
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Arit Essien, Pro Se
Name of Plaintiff's Attorney

*Clerk of the Court*

901 New Jersey Ave NW #410
Address
Washington, DC, 20001

By Adrienne J. Marsh
Deputy Clerk

202-706-2413
Telephone

Date 8/10/2015

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
Civil Clerk's Office
AUG 10 2015
Superior Court of the
District of Columbia
Washington, D.C.

**ARIT ESSIEN**
901 New Jersey Avenue, N.W.
Apartment Number 410
Washington, D.C. 20001,

Plaintiff

vs.

**WORLD VISION INTERNATIONAL**
300 Eye Street, N.E.
Washington, D.C. 20002,

and

**VALERIE SIWOTSO**
300 Eye Street, N.E.
Washington, D.C. 20002,

and

**LINDA HIEBERT**
300 Eye Street, N.E.
Washington, D.C. 20002,

Defendants.

15-006091
Civil Action No. No. 2015 CA ________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff brings this action against Defendants individually and in their official capacities, and against the World Vision International Corporation (collectively "Defendants"). Plaintiff seeks Declaratory and Injunctive Relief, compelling Defendants to refrain from negative statements concerning her employment with them and to compensate her for unlawful and wrongful termination on June 15, 2015. The allegations herein are based on Plaintiff's knowledge as to herself, and on information and belief. Plaintiff also seeks such additional damages as may be appropriate.

**FACTUAL ALLEGATIONS**

On August [illegible], [illegible], Plaintiff was hired by Defendants. During the course of her employment,



Plaintiff was the only African-American among all employees of the World Vision International Education Team. Throughout her employment, Plaintiff was subjected to unjust and undue discriminatory acts because of her race, culminating in her being placed on Administrative Leave on or about May 11, 2015. Plaintiff's placement on Administrative Leave immediately followed a notice mailed three days preceding alerting the Defendants of Discrimination Charges previously filed by the Plaintiff with the EEOC on April 30, 2015. Plaintiff's employment was subsequently terminated on June 15, 2015 on allegations of Breach of Confidentiality and Email policy.

**PARTIES**

1. Plaintiff Arit Essien is an African-American female, residing at 901 New Jersey Ave N.W. Washington D.C.
2. World Vision International is a non-profit development, and advocacy Non-Governmental Organization, with a focus on children. World Vision International has presence in more than 90 countries with a total revenue exceeding $2.79 billion. World Vision is ranked as the 11th largest charity in the United States.
3. Defendant Valerie Siwotso is a Caucasian female and the Operations Manager for the World Vision International Education Team.
4. Linda Hiebert is a Caucasian female and the Senior Director of the World Vision International Education Team.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to the D.C. Code §§ 1 1-921.
6. World Vision International is a nonprofit organization registered in the District of Columbia. The organization owns an office building in the District of Columbia, from which business



operations are conducted. Defendant has sufficient minimum contacts with the District of Columbia to be sued in this jurisdiction and has intentionally availed itself of the markets and services of the District of Columbia by serving as an entity within the District of Columbia and by doing business herein.

7. Defendant Valerie Siwotso resides and works in the District of Columbia and directly supervised Plaintiff. Defendant is a senior employee of Defendant World Vision International and has been employed by it for an extended period of time.

8. Defendant Linda Hiebert resides and works in the District of Columbia and was provided direct support by the Plaintiff. Defendant is a senior employee of Defendant World Vision International and has been employed by it for an extended period of time.

9. All three Defendants have sufficient minimum contacts with the District of Columbia to be sued in this jurisdiction and have intentionally availed themselves of the markets and services of the District of Columbia through operations or service as a business entity and as management officials in a locally registered business entity. Venue is appropriate in the District of Columbia given that all of the events and omissions giving rise to this action took place in the District of Columbia.

**NATURE OF THE ACTION**

10. At all times relevant to this action, Plaintiff was employed by Defendant World Vision International in the District of Columbia.

11. At all times relevant to this action, Plaintiff was the only African-American employed on the World Vision International Education Team.

12. A disproportionate number of employees of other races have been hired and given preferential treatment by the World Vision International Education Team.

**FIRST CAUSE OF ACTION**

13. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venture of the remaining Defendant, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of the remaining Defendant with full knowledge of the facts.

14. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

**Violation of the District of Columbia Human Rights Act**

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. The D.C. Human Rights Act protects citizens from discrimination based on race, personal appearance and family responsibilities among other classifications.

17. All Education Team staff are permitted to telework each Friday and other days throughout the workweek at the employee's request, however the Plaintiff was the sole member of the Education Team required to work in office every Friday and all other week-days, and often in solitarily on Friday. No other staff of the Education Team were required to work in the office on Fridays.

18. On April 7, 2015, Plaintiff was confronted by manager Valerie Siwotso who made disparaging remarks about her appearance, demanding to know if Plaintiff's hair was real. No other Education Team member was subject to such invasive questioning.

19. On March 18, 2015, Plaintiff was removed from an all-staff global education meeting by manager Valerie Siwotso, who advised that the "information was beyond her capacity to understand." No other Education Team staff was asked to leave the all-staff education meeting.

20. Since April 27, 2015, the Plaintiff has been required by managers Valerie Siwotso and Linda

Hiebert to leave notes indicating when she is going to the restroom or leaving her desk for any reason. No other staff of the Education Team has been subject to this demoralizing requirement.

21. On September 5. 2014, Plaintiff was required to take time off of work to re-enroll her children (ages 4,8) in school. The Plaintiff's time off was recorded as unpaid time off and monies were deducted from the Plaintiff's paycheck. The Plaintiff also at a later date was issued a written corrective action, along with probation and a performance improvement plan for the time taken off to re-enroll the two children in school. This is startlingly disparate treatment from that which is afforded to other colleagues and is further contrary to the World Vision International Child Protection to which all employees must adhere. No other Education Team staff has been required to utilize unpaid time off for an obligation pertaining to their children's education. No other employee of the Education Team has been issued a written counseling, probation and performance improvement plan for attending to a critical need for their children.

22. As a consequence of Defendants' acts or omissions, Plaintiff has been injured in an amount to be proven.

**SECOND CAUSE OF ACTION**

**Violation of Title 42, U.S.C. § 1983.**

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

24. Title 42 U.S.C. § 1983 provides, "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress." Plaintiff was wrongfully terminated by Defendants in violation of the

relevant statutes and Constitution of the United States.

25. Defendants' actions deny African-Americans, and has denied Plaintiff equal protection in violation of the United States Constitution.

26. Plaintiff has been injured as a result of Defendants' acts or omissions in an amount to be proven.

**THIRD CAUSE OF ACTION**

**Violation of Title VII of the 1964 Civil Rights Act**

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

28. Title VII of the 1964 Civil Rights Act prohibits discriminating based on race, color, or national origin.

29. Any fair analysis of the facts in the instant situation clearly demonstrates the presence of a *prima facie* case of disparate treatment.

30. As a consequence, it is within the jurisdiction of this Honorable Court to mandate that appropriate District of Columbia Government authorities take steps to ensure compliance with Title VII.

31. Plaintiff has been injured as a result of Defendants' acts or omissions in an amount to be proven.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment and permanent relief against Defendants as follows:

1. Finding that defendants violated provisions of the D.C. Human Rights Act.
2. Finding that Defendants violated Title 42 U.S.C. § 1983.
3. Finding that Defendants violated Title VII of the 1964 Civil Rights Act and mandating that Defendants cease and desist from making negative statements about Plaintiff's employment and

remove the termination from Plaintiff's personnel file.

4. Finding that Defendants, through their acts and omissions, have harmed the career of the Plaintiff.
5. Awarding Plaintiff appropriate compensatory damages, treble damages and punitive damages.
6. Granting a Permanent Injunction, preventing Defendants from further taking action to stifle the employment prospects and career of Plaintiff.
7. Awarding Plaintiff appropriate other injunctive relief.
8. Awarding Plaintiff the costs and expenses of this action, including reasonable attorneys' and experts' fees.
9. Granting injunctive relief against Defendants to prevent future wrongful conduct.
10. Awarding Plaintiff such other and further relief as this Court deems just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of twelve persons of each and every claim so triable.

BRIAN K PRICE NOTARY PUBLIC DISTRICT OF COLUMBIA MY COMMISSION EXPIRES 08-31-2019

District of Columbia: SS
Subscribed and sworn to before me, in my presence, this 10 day of August, 2015
Brian K. Price, Notary Public, D.C.
My commission expires August 31, 2019.

DATED: August 10, 2015

**Arit Essien, *Pro Se***

901 New Jersey Ave N.W.
Apartment 410
Washington, D.C. 20001
Telephone (202) 706-2413



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ARIT ESSIEN
Vs.
WORLD VISION INTERNATIONAL et al

C.A. No. 2015 CA 006091 B

**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date: August 10, 2015
Initial Conference: 9:30 am, Friday, November 13, 2015
Location: Courtroom A-47
515 5th Street NW
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield